IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JONATHAN ROBINSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-323-MTT-CHW |
| | : | |
| COMMISSIONER TYRONE OLIVER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Jonathan Robinson has paid the required filing fee. Plaintiff has also filed a motion for appointed counsel (ECF No. 8). His claims are now ripe for screening pursuant to 28 U.S.C. § 1915A. For the following reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.** Plaintiff's motion for appointed counsel is **DENIED.**

### MOTION FOR APPOINTED COUNSEL

Plaintiff first seeks appointed counsel. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case

presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motion for appointment of counsel (ECF No. 8) is **DENIED**.[1]

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

# PRELIMINARY SCREENING

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). When conducting this review, "*[p]ro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. <u>Factual Allegations</u>

Plaintiff's claims arise from his confinement at the Dooly State Prison ("DSP"). ECF No. 10 at 1.[2] According to Plaintiff, prison officials conducted a "shakedown" of

---

[2] The Second Amended Complaint ("SAC") (ECF No. 10) is the operative pleading in this action. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (holding that generally, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's

Plaintiff's housing area at DSP on or about July 25, 2023. ECF No. 10 at 1. During this shakedown, Defendant Gray—now a sergeant at the prison—"ripp[ed] open legal files from Plaintiffs assigned locker box," "destroy[ed] files, trash[ed] the entire box," and "scatter[ed] active files and materials literally in a highly destructed manner." *Id.* In addition, the prison officials conducting the search spilled homemade alcohol all over Plaintiff's cell, which caused additional damage to his files. *Id.* at 2. Plaintiff contends Defendants Sampson and Grace—the warden and deputy warden at the prison—"looked on" while this was occurring. *Id.* at 2. The other named Defendants also participated in the shakedown, watched the shakedown without intervening, or "authorized and approved the deployment of Tactical Squad members" to conduct the shakedown. *See id.* Plaintiff contends Defendants' actions violated his constitutional rights, and as a result he seeks compensatory and punitive damages, declaratory and injunctive relief, costs, and "any further relief the Court deems just and proper." *Id.* at 4.

III. <u>Plaintiff's Claims</u>

    *A. Due Process Claims for Loss of Property*

Plaintiff's allegations that Defendants destroyed his property could first give rise to due process claims. It is well-established, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533

---

averment against his adversary" (alteration in original) (citation omitted)).

(1984). "Georgia provides a civil cause of action for the wrongful conversion of personal property, and [the Eleventh Circuit has] held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (first citing O.C.G.A. § 51-10-1; and then citing *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)). Plaintiff has not alleged that he has attempted to pursue a civil action based on Defendants' actions or that such a remedy is not available to him, and he has therefore failed to state a due process claim concerning the loss of his personal property. These claims should be dismissed without prejudice.

      B. *Access-to-Courts Claims*

Plaintiff's allegations also give rise to claims that Defendants' conduct violated his right to access the courts. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). A plaintiff attempting to assert an access-to-courts claim must therefore identify the underlying action in his complaint, and this underlying action "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 415. The plaintiff must also show that "the

vindication" of the "underlying cause of action . . . is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). "Examples of actual injury include missing filing deadlines or being prevented from presenting claims." *Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff fails to state an actionable access-to-courts claim because he has not pleaded facts sufficient to show an actual injury. Plaintiff generally contends that Defendants' actions resulted in "the loss of critical evidence and the inability to pursue or defend ongoing litigation," including this case and a state habeas corpus proceeding. ECF No. 10 at 3. He also suggests that "critical records" such as "Defense Investigative findings and written reports of serious official misconduct of Atlanta Police Officers and Investigators," "a voluminous amount of personal case notes," and "[t]reating physician reports and addresses and phone numbers" were among the legal papers destroyed by Defendants. *Id.* at 2. He does not, however, explain why these particular documents were necessary to allow him to pursue his cases or "how the outcomes of disputed matters would have been different" had Defendants not destroyed them. *Daker v. Warren*, 660 F. App'x 737, 741 (11th Cir. 2016). Plaintiff also fails to describe any claims that may have been impeded by Defendants' actions in enough detail to allow the Court to determine whether those claims were "frivolous or arguably had some merit." *Allen v. St. John*, 827 F. App'x 1002, 1005 (11th Cir. 2020). Any access-to-courts claim based on the loss of his legal materials should also be dismissed without prejudice. *See id.* (affirming dismissal of access-to-courts claim where plaintiff "did not state in his amended complaint

7

the underlying claim from his earlier lawsuit" with which defendants' conduct allegedly interfered); *see also Daker*, 600 F. App'x at 741 (holding that plaintiff failed to state access-to-courts claim where he did not "explain[] how he had colorable claims for relief that he could have asserted but for the alleged lack of access to the courts").

### C. Retaliation Claims

Plaintiff contends that prison officials destroyed his legal papers "in what appeared to be a targeted incident" and "in a deliberate attempt to punish [him] for exercising [his] First, Sixth, Eighth and Fourteen[th] amendment[]" rights. ECF No. 10 at 2. To the extent Plaintiff is attempting to raise a retaliation claim based on this allegation, such claim also fails. An adverse action imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989). To state a retaliation claim, an inmate generally needs to show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). In this case, however, Plaintiff does not plead facts sufficient to show that any named individual Defendant was motivated to destroy his legal papers because he exercised some constitutional right. Without such facts, he has failed to state an actionable retaliation claim. *See, e.g., Allen*, 827 F. App'x at 1007 (affirming dismissal of retaliation claim for failure to state a claim where plaintiff failed to allege any facts to support the "conclusory assertion that [plaintiff] was retaliated against"); *Gonzalez v. Archer*, 725 F. App'x 739, 742-43 (11th Cir. 2018) (affirming dismissal of retaliation claims as vague and conclusory

8

where prisoner "did not present facts that plausibly support[ed] a causal connection" between his grievances, the defendants, and the adverse actions taken). These claims should also be dismissed.

### D. Grievance Claims

Finally, Plaintiff briefly mentions that he attempted to "report and grieve the destruction of his legal property, but Defendants and other GDC officials failed to respond adequately or intentionally obstructed the grievance process." ECF No. 10 at 3. But Plaintiff does not have any due process right to access a prison's grievance procedure or have those procedures properly followed. *See, e.g., Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ((affirming dismissal of prison's claims that he was denied use of the prison's grievance procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (per curiam) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns). Plaintiff has thus failed to state a cognizable constitutional claim against any Defendants concerning the handling of his grievance, and any such claims he is attempting to raise in this case should be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for appointed counsel (ECF No. 8) is **DENIED,** and is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections

to this Recommendation with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

        **SO ORDERED AND RECOMMENDED**, this 29th day of January, 2026.

                                      s/ Charles H. Weigle
                                      Charles H. Weigle
                                      United States Magistrate Judge