IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JONATHAN ROBINSON,                    )
                                      )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )    CIVIL ACTION NO. 5:25-cv-323 (MTT)
                                      )
Commissioner TYRONE OLIVER, et        )
al.,                                  )
                                      )
                                      )
          Defendants.                 )
                                      )

## ORDER

After screening Plaintiff Jonathan Robinson's second amended complaint

pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle

recommends dismissing Plaintiff's claims without prejudice. ECF 11. Plaintiff objects.

ECF 18. He also filed what appears to be a third amended complaint, which the Court

construes as a motion for leave to amend. ECF 19. The Court **DENIES** the motion for

leave to amend, and pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo

those portions of the Recommendation to which Plaintiff objects.

The second amended complaint[1] alleges that in July 2023, prison officials

destroyed Plaintiff's legal materials and spilled homemade alcohol all over his cell,

damaging his legal files. ECF 10 at 1–2. It also alleges prison officials destroyed his

legal materials in February and August 2025. *Id.* at 2. Construing the second amended

---

[1] The Magistrate Judge screened Plaintiff's second amended complaint as the operative complaint. ECF 11 at 4 n.2.

-1-

complaint liberally, the Magistrate Judge identified the following claims: 1) due process claims for loss of property; 2) access to courts claims; 3) retaliation claims; and 4) grievance claims. ECF 11 at 5–9. After screening all claims, the Magistrate Judge recommends dismissal. *Id.*

Plaintiff objects,[2] stating that he has "presented actionable constitutional claims," but he does not address the deficiencies identified by the Magistrate Judge. ECF 18 at 1 (capitalization removed). When a party's objections are "[f]rivolous, conclusive, or general," the Court "need not" consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (citation omitted). An objecting party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Id.* at 1360. Nevertheless, the Court has reviewed the Recommendation de novo and agrees with the deficiencies identified by the Magistrate Judge. The second amended complaint fails to state a claim and is subject to dismissal.

Rather than raising specific objections to the Recommendation, Plaintiff asserts that prison officials destroyed his legal materials again in February 2026, "further obstruct[ing] Plaintiff's ability to prosecute his claims." ECF 18 at 2. In addition, Plaintiff filed a third amended complaint asserting many of the same claims asserted in the second amended complaint but adding claims relating to an alleged unconstitutional strip search. ECF 19. Plaintiff has previously amended his complaint. *See* ECF 9; 10. Consequently, Plaintiff is not entitled to amend as a matter of course, and the Court construes Plaintiff's filing as a motion for leave to amend. *See* Fed. R. Civ. P. 15(a) (allowing amendment *once* as a matter of course).

---

[2] Plaintiff's objection is dated May 1, 2026. ECF 18 at 3. The extended objection deadline was April 28, 2026. ECF 14. Although the objection is late, the Court fully considers it.

-2-

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).

Here, the proposed third amended complaint would be subject to dismissal because it fails to cure the second amended complaint's deficiencies and because the new claims asserted are not plausibly alleged. *See* ECF 19. The proposed third amended complaint has five counts: 1) cruel and unusual punishment in violation of the Eighth Amendment for unconstitutional strip searches; 2) unreasonable strip searches in violation of the Fourth Amendment; 3) denial of access to courts based on the destruction of Plaintiff's legal materials; 4) violation of Plaintiff's Fourteenth Amendment due process rights based on the destruction of Plaintiff's legal materials; and 5) retaliation for Plaintiff's exercise of constitutional rights. ECF 19-1 at 2. For the reasons explained in the Recommendation, Counts III–V are deficient.[3] *See* ECF 11 at 5–9.

---

[3] The proposed third amended complaint asserts an access-to-courts claim relating to the destruction of Plaintiff's legal materials in February 2026. ECF 19-1 at 1. The second amended complaint describes earlier incidents where prison officials destroyed Plaintiff's materials. ECF 10 at 1–2. But for the same reasons explained in the Recommendation, the third amended complaint fails to plausibly allege an access-to-courts claim. ECF 11 at 6–8.

In addition, Plaintiff's claims based on an alleged unconstitutional strip search would also be subject to dismissal. The third amended complaint states, "Plaintiff was subjected to a forced strip search, including invasive body inspection. Female staff members were present during the search. Plaintiff was exposed in a degrading and humiliating manner without legitimate penological justification." ECF 19-1 at 1; 19 at 2. But the proposed amended complaint does not connect any specific defendant to the search. *Id.* To state a claim against a defendant, a plaintiff must link that defendant to an alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (affirming dismissal for failure to state a claim when the "complaint fail[ed] to allege facts that associate[d]" defendants with a constitutional violation); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (stating that "section 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"). The proposed third amended complaint states, "Defendants authorized and deployed a Special Operations Tactical Squad into Dooly State Prison." ECF 19-1 at 1. But it does not plausibly allege facts showing the defendants knew of, authorized, or were otherwise involved in the alleged unconstitutional strip search. *Id.* Consequently, the proposed third amended complaint fails to state a claim relating to the alleged unconstitutional strip search against any named defendant, and Counts I and II of the proposed third amended complaint would also be subject to dismissal.

Accordingly, the Court **DENIES** the motion to amend (ECF 19) as futile.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (ECF 11) is

**ADOPTED** and made the Order of the Court. Plaintiff's complaint (ECF 10) is

**DISMISSED** without prejudice.[4]

      **SO ORDERED**, this 7th day of July, 2026.

                      <u>S/ Marc T. Treadwell</u>
                      MARC T. TREADWELL, JUDGE
                      UNITED STATES DISTRICT COURT

---

[4] Plaintiff's motion for a temporary restraining order, preliminary injunction, and preservation of evidence (ECF 20) and his motion for assistance of counsel and for a stay of this case (ECF 18) are **DENIED as moot**.

It appears the applicable two-year statute of limitations may have run for Plaintiff's claims relating to the July 2023 destruction of his legal materials. Consequently, dismissal of Plaintiff's claims relating to that incident may, in effect, be with prejudice.